IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                        Case No. 11-10181-01

CARESA M. DIAZ,

    Defendant.

## MEMORANDUM AND ORDER

The defendant, Caresa M. Diaz's Motion for Bill of Particulars (Dkt. No. 14) is before the court. For the following reasons, the court denies the motion.

Ms. Diaz is charged in the Indictment with violations of 18 U.S.C. § 1344 in Counts I and II, which makes it a crime to knowingly defraud a financial institution or to obtain money, funds, credits, assets, securities, or other property from a financial institution by false or fraudulent pretenses, representations, or promises. Count III charges her with knowingly, and with intent to defraud, using one or more credit cards, the use of which affected interstate commerce. Ms. Diaz seeks a bill of particulars "stating with specificity the acts it [the government] is alleging the Defendant did that constitutes a crime." Dkt. No. 14, pg. 1. She contends she does not understand what criminal conduct is alleged in the Indictment—whether it is acquiring the credit cards or using the credit cards. Ms. Diaz also informs the court she was charged in *State v. Diaz*, 09 CR 3829 in Sedgwick County State Court with the same basic conduct. In that case, she moved for a bill of particulars and the state dismissed the case. Shortly thereafter, this case was filed.

## I. Legal Standard: Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedures provides:

**Bill of Particulars**. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

*Id.* "'The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). "'[T]he defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case.'" *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quoting *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992)). "An indictment need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'" *Dunn*, 841 F.2d at 1029 (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)). "[A] bill of particulars is not intended to serve as a discovery device or to compel the government's disclosure of the factual proof planned for trial. Nor is it a way to require the government's explanation of the legal theories expected at trial." *United States v. Villota-Gomez*, 994 F. Supp. 1322, 1335 (D. Kan. 1998). If the defendant has access to evidence, a bill of particulars should not be used to gather the government's evidence. *United States v. Barbieri*, 614 F.2d 715, 719-20 (10th Cir. 1980).

When analyzing a motion for a bill of particulars, the court should look at the following factors: "whether the defendant has: (1) a meaningful opportunity to prepare his or her defense, (2) assurances against unfair surprise to the defendant at trial, and (3) protection from double jeopardy

dangers." *United States v. Franklin*, No. 06-20176, 2007 WL 2155664, at *1 (D. Kan. July 24, 2007) (citing *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983)). "'Unless the request for the bill of particulars shows, on its face, that failure to grant the request would result in'" a violation of one of the above-three protections, "'defendant has the burden of showing [by brief, affidavit or otherwise] that his or her request meets one of the three criteria.'" *United States v. Cooper*, 283 F. Supp.2d 1215, 1239 (D. Kan. 2003) (quoting *United States v. Anderson*, 31 F. Supp.2d 933, 938 (D. Kan. 1998)). The district court has wide discretion when deciding whether to grant a motion for a bill of particulars. *United States v. Shepard*, 188 F.R.D. 605, 609 (D. Kan. 1999).

**II. Ms. Diaz Is Not Entitled to a Bill of Particulars**

First, Ms. Diaz's motion, on its face, does not show she will be denied a meaningful opportunity to prepare her defense, will be unfairly surprised at trial, or subject to double jeopardy dangers. Therefore, she must show that she meets one of those three criteria by brief, affidavit, or otherwise. *See Cooper*, 283 F. Supp.2d at 1239. Ms. Diaz has failed to meet her burden. She generally states that she does not know the specific criminal conduct alleged, but does not point to anything specific she seeks to gain by her motion. And she does not show, or argue, that a failure to grant the motion will deny her the ability to defend against the charges, cause her prejudice at trial, or have any double jeopardy implications. Rather than seeking particular information, Ms. Diaz's motion reads like a discovery request in which she seeks all the factual proof the government intends to offer at trial. A bill of particulars is not the proper vehicle to obtain the government's evidence. *See Barbieri*, 614 F.2d at 719-20.

Additionally, the Indictment puts Ms. Diaz on sufficient notice of the nature of the charges

3

against her. It identifies (1) the relevant federal statute, (2) the time period she is alleged to have committed the offenses, (3) the financial institution she allegedly defrauded, and (4) the credit card accounts at issue. Further, the Complaint provides more detail about the nature and circumstances of the charges against Ms. Diaz. Because Ms. Diaz has not met the standard for a bill of particulars, and because the Indictment sufficiently apprises her of the charges, the court denies her motion.

IT IS ACCORDINGLY ORDERED this 8th day of December 2011, that Caresa M. Diaz's Motion for Bill of Particulars (Dkt. No. 14) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE